

**FILED**
**FEBRUARY 25, 2010**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RANDY LEE MOORE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0266 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITIONS FOR WRITS OF HABEAS CORPUS

Petitioner RANDY LEE MOORE has filed with this Court two (2) petitions for federal writs of habeas corpus challenging his holding convictions and sentences. For the reasons hereinafter expressed, the United States Magistrate Judge is of the opinion petitioner's applications for federal habeas corpus relief should be DENIED.

### I.
### PROCEDURAL HISTORY[1]

> The evidence in the case was that early on October 30, 1996, appellant and others were in the motel room of Katrina Attebury, an admitted former prostitute and recovering drug addict. Attebury averred that appellant possessed two firearms and numerous cartridges, which he had said "are for the cops" because he "was wanted." On that day, two Amarillo police officers arrived at the motel to arrest, with a warrant, another individual and, as well, to question appellant about a recent

---

[1]The summarization of the facts of this case is taken from the state appellate court opinion. *Moore v. State*, No. 07-97-0489-CR and 07-97-0490-CR.

robbery.

After being told that police officers were outside the room, appellant left for the stated purpose of getting a tape from his car. As the officers approached, appellant was partially within and partially without a parked car working under the dash with a screwdriver in his hand. When one of the officers, with a gun in his hand, directed appellant to drop the screwdriver, appellant fled toward a room in the motel. The officers approached him and attempted to handcuff him. Appellant resisted, secured a handgun, shot one of the officers in the calf of his leg, and fled while exchanging shots with the officers. A search of the area was conducted by the police and they later found appellant, still in possession of the handgun he had used in shooting the officer, hiding in the bed of a pickup located about a block from the motel.

On September 10, 1997, in Potter County, Texas, petitioner was indicted on two counts of attempted capital murder and two counts of aggravated assault of a public servant. *State v. Moore*, Cause Nos. 39,172-D and 38,173-D. On December 1, 1997, a jury found petitioner guilty of the two counts of attempted capital murder. On December 3, 1997, the jury assessed petitioner's punishment at two (2) concurrent 99-year terms of imprisonment in the Texas Department of Criminal Justice, Institutional Division. Corresponding judgments were signed and filed of record on December 8, 1997.

Petitioner, represented by appointed counsel, timely appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas at Amarillo. In his appeal, petitioner contended his conviction should be overturned because the trial court committed reversible error in admitting certain extraneous offenses and in failing to instruct the jury on reasonable doubt with respect to the extraneous offenses. On March 30, 1999, the state appellate court found the trial court committed error in admitting the extraneous offense but further found such error did not affect a substantial right of petitioner. The state appeals court also found petitioner failed to preserve his failure-to-instruct claim by objection or request, and affirmed petitioner's convictions. *Moore v. State*, No. 07-97-0489-CR, 07-97-0490-CR. On April 29, 1999, the deadline for petitioner to file a

petition for discretionary review (PDR) challenging the intermediate appellate court ruling expired.

On July 24, 2002, petitioner, represented by new retained counsel, filed a state application for a writ of habeas corpus requesting an out-of-time PDR based on the ineffective assistance of appellate counsel.[2] In its response to the application, the state conceded, based on petitioner's original appellate counsel's affidavit, that the attorney's file did not reflect any notice to petitioner of the appellate court's decision. On April 30, 2003, the Texas Court of Criminal Appeals granted petitioner's state habeas application as to the PDR issue and dismissed petitioner's remaining habeas claims. *Ex parte Moore*, No. 53,547-01 and 53,547-02.

On July 24, 2003, petitioner filed his out-of-time PDR asserting the intermediate appellate court should have performed an egregious harm analysis with regard to the omission of the reasonable doubt instruction. *Moore v. State*, PDR No. 1038-03, 1039-03.

On January 21, 2004, the Texas Court of Criminal Appeals granted petitioner's PDR, vacated the intermediate appellate court's judgment, and remanded the case to the appellate court for an egregious harm analysis of the state trial court's failure to give a reasonable doubt instruction with regard to petitioner's extraneous offenses, noting the intermediate appellate court, at the time it decided petitioner's appeal, did not have the benefit of case law establishing the proper standard of review for such error.

On September 20, 2004, the intermediate appellate court issued its opinion affirming the judgment of the trial court. The court found no reversible error, finding petitioner did not suffer egregious harm by the trial court's failure to give the extraneous offense reasonable doubt

---

[2] Petitioner asserted he was denied his right to counsel and right to an appeal. Petitioner also included, as separate grounds, the claims that his conviction was unconstitutional because of an unlawful search and seizure, and ineffective assistance in failing to request a reasonable doubt instruction as to extraneous offenses at the punishment stage of his trial.

instruction. *Moore v. State*, Nos. 07-97-0489-CR (on remand), 07-97-0490-CR (on remand). Petitioner's motion for rehearing was denied by the appellate court on October 26, 2004.

On December 20, 2004, petitioner filed a PDR challenging the appellate court's September 20, 2004 opinion affirming his convictions. PDR, No. 1872-04, 1873-04. On April 6, 2005, the Texas Court of Criminal Appeals refused petitioner's PDRs. Petitioner did not seek further review by petition for certiorari to the Supreme Court.

On May 5, 2006, petitioner filed state applications for writs of habeas corpus challenging the constitutionality of his convictions on the following grounds:

1. Petitioner's conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure;

2. Petitioner was denied effective assistance of trial counsel;[3] and

3. The State failed to reveal to petitioner a significant financial relationship between the Court, the State's prosecutor, and petitioner's appellate counsel.

*Ex parte Moore*, No. 53,547-03, -04. On September 29, 2006, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order.

On October 3, 2006, petitioner filed with this Court federal petitions for writs of habeas corpus in Cause Nos. 2:06-CV-0266 and 2:06-CV-0267. Respondent filed motions to dismiss which were denied. On October 15, 2007, respondent filed answers to petitioner's habeas applications and, on November 14, 2007, petitioner filed replies to respondent's answers.

---

[3]Petitioner argued counsel was ineffective for (1) failing to conduct a pretrial investigation which would have revealed mitigating evidence: (a) petitioner's history of mental illness and need for medication, (b) that petitioner was acting irrationally and out of good character at the time of the offense, (c) that petitioner was in a stable environment and getting his life together when he was required to return to Texas; (2) failing to develop defensive issues: (a) that the officer possibly shot himself, (b) the "magic bullet" theory based on petitioner's inability to shoot the officer based on his physical condition, restraints, and position, (c) the defensive theory of retreat; (d) mistake of fact; and (3) failing to object to the State's comment on petitioner's failure to testify.

II.
PETITIONER'S CLAIMS

Petitioner claims his convictions and sentences are in violation of the United States Constitution because:

1. Petitioner's convictions were obtained by use of evidence gained pursuant to an unconstitutional search and seizure;

2. Petitioner was denied effective assistance of trial counsel because:

   a. counsel failed to conduct a proper pretrial investigation which:

      i. would have disproved the State's theory of the case by showing petitioner could not have fired his weapon from a prone position;

      ii. could have disproved the State's argument that the bullet which wounded the police officer came from petitioner's gun rather than the officer's own gun;[4]

      iii. would have found evidence mitigating punishment; and

      iv. would have strengthened the evidence of self-defense by establishing facts to show the police fired the first shots.

   b. counsel failed to obtain a jury instruction on self-defense the absence of which resulted in a harsher punishment for petitioner.

III.
EXHAUSTION OF STATE COURT REMEDIES

In his answer to this petition, respondent concedes petitioner sufficiently exhausted his available state court remedies as required by 28 U.S.C. § 2254(b), (c) as to grounds 1. through 2.a.iv. The undersigned Magistrate Judge has reviewed petitioner's state court records and it

---

[4]Petitioner argues trial counsel's deficient conduct has allowed evidence, to wit: the first bullet fired, to be destroyed without being tested to determine whether it came from petitioner's gun, which testing could have exonerated petitioner or, in the alternative, mitigated the circumstances surrounding the event.

appears petitioner has presented, to the highest court of the State of Texas, the substance of these claims he now presents to this federal court.

Respondent argues, however, that petitioner has not exhausted his state court remedies as to ground 2.b., his claim that trial counsel was ineffective for failing to obtain an instruction on self-defense. Respondent contends petitioner did not raise this claim in any of his state habeas applications, or in his petitions for discretionary review. Respondent maintains that as petitioner has not presented this claim to the Texas Court of Criminal Appeals, this Court is precluded from reviewing this claim and petitioner's ground 2.b. should be dismissed for failure to exhaust.

Petitioner contends he has, in fact, exhausted his state remedies as to ground 2.b. and refers the Court to his July 24, 2003 Petition for Discretionary Review, his August 22, 2003 Supplement to Petition for Discretionary Review, and his May 5, 2006 Petition for Writ of Habeas Corpus. The Court has reviewed petitioner's state court pleadings and is of the opinion petitioner did not exhaust his available state court remedies with regard to his claim that counsel was ineffective for failing to request and/or obtain a jury instruction on self-defense.[5] It is the recommendation of the Magistrate Judge that ground 2.b. be dismissed for failure to exhaust.

## IV.
## STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall <u>not</u> be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless that person first shows the prior adjudication:

(1)   resulted in a decision that was contrary to, or involved an unreasonable

---

[5] The only statement made in petitioner's state habeas concerning self-defense was the conclusory statement, "Trial counsel failed to pursue the defensive theory of retreat." *Petition for Writ of Habeas Corpus*, at 9.

>application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
>(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex.Crim.App. 1997); *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (the Fifth Circuit recognizes this Texas state writ jurisprudence).

Petitioner filed a state habeas application challenging the constitutionality of his conviction and sentence on the grounds, as relevant here, that he was convicted based on evidence seized as a result of an illegal search and seizure, and was denied effective assistance of trial counsel because counsel failed to conduct a proper pretrial investigation to reveal mitigating evidence and defensive issues. The Court of Criminal Appeals denied petitioner's state habeas application without written order. *Ex parte Moore*, App. No. WR-53,547-03, -04. The ruling of the Texas Court of Criminal Appeals on these grounds constituted an adjudication of petitioner's claims on the merits. *Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999). Consequently, this Court's review is limited to a determination of (1) whether petitioner has shown the state court's determination that petitioner's claims were without merit was based on an unreasonable determination of the facts in light of the evidence before the state court, or (2) whether petitioner has shown the state habeas court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

In his reply brief, petitioner argues that although his claims of illegal search and seizure and ineffective assistance of counsel were raised with the state courts, no state court has made a full and fair determination of those issues. Petitioner argues a state court's simple denial of a petitioner's state habeas application, without further comment, does <u>not</u> constitute an adjudication on the merits. Petitioner submits that as the state court denials of his habeas applications were without opinion, he has, by simply raising the same grounds in his federal habeas petition, established a prima facie case that he was denied a full and fair review of his grounds and that the state court decisions meet the 28 U.S.C. § 2254(d) threshold for federal habeas corpus relief.

Petitioner may be correct that, by simply raising grounds in a federal habeas petition that were previously raised and denied in a state habeas proceeding, such raises the issue of whether the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Merely framing the issue in that manner does not, however, establish a prima facie case that a petitioner has overcome the AEDPA bar. Therefore, while it may not be necessary to specifically assert the precise basis for the contention the state court's prior adjudication was unreasonable, the better practice would be to specifically allege the grounds and the basis upon which the petitioner contends the state court decision was deficient under one, or either, or both provisions of 28 U.S.C. § 2254(d). A non-specific assertion does not direct this Court to the exact basis of the petitioner's challenge.

Based on *Bledsue*, *supra*, the undersigned finds the state court's denial of a state habeas application, <u>without a written order</u>, does constitute an adjudication on the merits of the grounds raised in that state habeas petition. *Cf. Ex parte Torres,* 943 S.W.2d 469 (Tex.Crim.App. 1997) (under Texas law a denial by the Court of Criminal Appeals signifies the court addressed and rejected the merits of the claims); *Ex parte Thomas*, 953 S.W.2d 286 (Tex.Crim.App. 1997). The term "adjudication on the merits" in 28 U.S.C. § 2254(d) addresses whether the state court's disposition of the claim at issue was procedural or substantive. *Neal v. Puckett,* 286 F.3d 230, 235 (5th Cir.2002) ( *en banc* ). Nothing in this case suggests the Texas Court of Criminal Appeals disposed of petitioner's claims on a procedural basis. *See Barrientes v. Johnson,* 221 F.3d 741, 778-80 (5th Cir.2000), *cert. dismissed,* 531 U.S. 1134 (2001) (setting forth analysis to determine

whether state court adjudication was merits-based). Per *Bledsue*, the state court denial qualifies as a full and fair review of the grounds raised therein.[6] This Court must treat the state court's "denial" – albeit for no additional reasons – as a merits adjudication of petitioner's state habeas application. *See Bledsue v. Johnson,* 188 F.3d 250, 257 (5th Cir. 1999). Therefore, the deferential standard set forth in 28 U.S.C. § 2254(d) is applicable to this case and must be demonstrated by petitioner. Consequently, this Court's review is limited to a determination of whether petitioner has shown the state court's decision that petitioner was not convicted in violation of his federal constitutional rights was based on an unreasonable determination of the facts in light of the evidence before the state court.

## V.
## MERITS

### A. Conviction Pursuant to Unconstitutional Search and Seizure

In his first ground, petitioner alleges his constitutional rights were violated because he was convicted based on evidence obtained as a result of an unconstitutional search and seizure. Petitioner's argument is as follows:

> Over [petitioner's] objection, the State introduced into evidence a jacket containing a significant amount of ammunition and weapons. The jacket, which was introduced by the State to connect the weapons and ammunition to [petitioner], was illegally obtained, thus, all the connective evidence related to the jacket was likewise tainted. The jacket was obtained from Katrina Attebury during [petitioner's] arrest, and there was no credible evidence linking [petitioner] with the jacket. The jacket was obtained without [petitioner's] consent, without a warrant and with no indicia of trustworthiness in the search and seizure process. The State failed to overcome the illegality of the means by which they obtained the jacket and the trial court harmfully erred in allowing [petitioner] to be convicted by the use of evidence

---

[6] Petitioner also makes an argument that respondent is asserting petitioner is precluded from raising his grounds by the doctrine of *res judicata*. The Court finds respondent is not making such an argument but, instead, is making the argument that petitioner has not met the threshold standard required to obtain federal habeas corpus relief..

gained in an unconstitutional manner.

At trial, during the direct examination of one of the victims, Officer Anderson, the officer testified a white female he knew came out of the motel room "and said that she had his [petitioner's] jacket and said that it was full of bullets." The officer testified he laid the jacket beside the gun on the sidewalk. The State then admitted, without objection, several photographs reflecting this jacket lying on the sidewalk. Vol. III, at 89-90. On cross-examination of Officer Anderson, the officer confirmed the white female brought him the jacket and that he did not go into the motel room and get it. Vol. III, at 99.

During direct examination of Katrina Attebury, the "white female" who had been in the motel room with petitioner just before the altercation and shooting testified petitioner had worn a jean jacket into the motel room that night, but had taken it off and laid it on the bed in the motel room where it had been since. Vol. III, at 182-83. Ms. Atteberry testified the jacket petitioner wore into the motel room was "full of ammunition, bullets" and that she was aware of this because she had picked up the jacket. Ms. Attebury acknowledged she did not look inside the jacket but advised she could hear the bullets and that petitioner had stated the jacket, "Had a shit load of ammunition in it." Vol. III, at 201. Ms. Attebury identified Exhibit No. 23 as the jacket petitioner wore into her motel room on that night. In response, defense counsel stated, "We don't have any objection to the jacket . . . ." Vol. III, at 222-23. Although the State moved to admit, the trial court did not actually admit the exhibit.

Thereafter, during voir dire examination of the crime scene investigator, Officer James Burgess, the officer acknowledged he was told the jacket was in the motel room at the time of the shooting, and that he believed Officer Anderson "was the one that obtained the jacket and brought it

out" and placed it on the sidewalk after the shooting.  Officer Burgess stated he did not know if Officer Anderson had a warrant for the motel room or consent to search the room and, in fact, did not know the circumstances surrounding the removal of the jacket, but that it was his understanding that it was retrieved by an officer from the motel room.  Defense counsel then objected to the admission of the jacket on the basis of an illegal search and seizure.  The trial court overruled defense counsel's objection and admitted the exhibit.  Officer Anderson was not recalled to testify.

The United States Supreme Court has significantly narrowed the scope of federal habeas review of Fourth Amendment claims.  In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court stated:

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Id.*, 428 U.S. at 494, 96 S.Ct. at 3052.  The bar to federal habeas relief set forth in *Stone v. Powell* applies even if the petitioner has failed to avail himself of the state court processes in place to challenge an unlawful search and seizure.  *See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002.  The 'opportunity for full and fair litigation' of the Fourth Amendment claim means just that: 'an opportunity.'  *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978).  Therefore, "[i]f a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes."  *Id*; *see also Swicegood v. Alabama,* 577 F.2d 1322, 1324 (5th Cir. 1978).

Petitioner had ample opportunity to raise his Fourth Amendment claim during pre-trial proceedings before the state trial court, as well as during trial and on appeal.  More importantly, petitioner raised this issue with the Texas Court of Criminal Appeals in his state habeas application.

Although the Texas Court of Criminal Appeals denied petitioner's state habeas petition without written order, that court has stated that a denial – as opposed to a dismissal – indicates the court addressed and rejected the merits of a petition. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In this case, the State of Texas clearly provided an opportunity for full and fair litigation of petitioner's Fourth Amendment claim of an unconstitutional search and seizure at the trial, appellate, and state habeas review levels. Consequently, this ground alleging a Fourth Amendment violation is barred from federal habeas review by *Stone v. Powell* and must be denied.

Even if this Court was not barred from considering petitioner's Fourth Amendment allegation and could address the merits of the claim, petitioner would not be entitled to federal habeas corpus relief. Petitioner has not demonstrated that any unconstitutional search and seizure occurred. Officer Anderson testified he did not go into the motel room to retrieve the jacket but, rather, that Ms. Attebury secured the jacket and offered it to him. Sergeant James Burgess, who was not present at the scene when the jacket was seized, offered hearsay testimony that he was told the jacket at issue was in the motel room at the time of the shooting, and that he believed Officer Anderson "was the one that obtained the jacket and brought it out" and placed it on the sidewalk after the shooting. Officer Burgess stated he did not know the circumstances surrounding the removal of the jacket, but that it was his understanding that it was retrieved by an officer from the motel room. Burgess also testified he did not know if the officer had a warrant for the motel room or consent to search the room. This testimony is not sufficient to demonstrate unconstitutional action on the part of the police. The evidence simply does not establish a Fourth Amendment violation in the manner in which the police obtained the jacket at issue. To the extent, if any, petitioner is arguing the police unconstitutionally obtained the jacket from Ms. Attebury *outside* the motel room, petitioner has not provided this Court with legal authority to support such a claim. Moreover, if petitioner is making a claim the jacket was illegally seized from Ms. Attebury, he would not have standing to complain about a search of Ms. Attebury. Based on the foregoing, even

if this Court was not barred from considering petitioner's Fourth Amendment claim, he has failed to demonstrate his conviction was the result of an unconstitutional search and seizure. This claim should be denied.

Furthermore, petitioner has not demonstrated the state habeas court's denial of his claim of an unconstitutional search and seizure involved an unreasonable application of federal law or that the decision was based on an unreasonable determination of fact. Consequently, this Court is precluded from granting petitioner federal habeas corpus relief on this ground.

B.  Effectiveness of Trial Counsel

In order to obtain habeas corpus relief on the ground of ineffective assistance of counsel, a petitioner must demonstrate not only that his counsel's performance was deficient, but must also show the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To demonstrate deficiency, the petitioner must show counsel's actions "fell below an objective standard of reasonableness." *Id*. at 668, 104 S.Ct. at 2064. However, a strong presumption exists "that trial counsel rendered adequate assistance and that the challenged conduct was reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992) (citing *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066). To demonstrate prejudice, a petitioner must show that a "reasonable probability" exists that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Id.* at 697, 104 S.Ct. at 2069.

Petitioner argues counsel was ineffective because he allegedly failed to conduct a proper pretrial investigation which:

1. would have disproved the State's theory of the case by showing petitioner could not have fired his weapon from a prone position;

2. could have disproved the State's argument that the bullet which wounded the police officer came from petitioner's gun rather than the officer's own gun;[7]

3. would have found evidence mitigating punishment; and

4. would have strengthened the evidence of self-defense by establishing facts to show the police fired the first shots.

The Sixth Amendment requires counsel "to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997). Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Strickland*, 466 U.S. at 690-91. Even strategic choices made after a less than complete investigation are "reasonable" to the extent that reasonable professional judgments support the limitations on investigation.

In determining the reasonableness of an attorney's investigation, this court must directly assess a particular decision not to investigate "for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* The court must also consider not only the evidence already known to counsel, but whether such evidence would lead reasonable counsel to investigate further. *Wiggins v. Smith,* 123 S.Ct. 2527, 2538 (2003). The reasonableness of an investigation depends in large part on the information supplied by the defendant. *See Ransom*, 126 F.3d at 123. Counsel should, at a minimum, interview potential witnesses and independently investigate the facts and circumstances of the case. *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994). Even so, counsel is not required to investigate everyone mentioned by the defendant."

---

[7] Petitioner argues trial counsel's deficient conduct allowed evidence, to wit: the first bullet fired, to be destroyed without being tested to determine whether it came from petitioner's gun, which testing could have exonerated petitioner or, in the alternative, mitigated the circumstances surrounding the event.

*Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985).

Petitioner first alleges trial counsel was ineffective for failing to conduct an adequate pretrial investigation because a sufficient investigation would have disproved the State's theory of how the events in the case transpired by showing petitioner was incapable of firing his weapon from a prone position, as was argued by the State, because petitioner is missing certain fingers. Initially, the Court notes the evidence at trial was that petitioner held the gun in his right hand and was not in a prone position when he fired the first shot at the officers. Vol. 3, at 30-31, 73, 75-76, 111, 148-49, 153, 156. Consequently, petitioner's argument is not entirely clear. In petitioner's state habeas application, petitioner alleged "[t]rial counsel did not pursue the defense that [petitioner] could not have chambered a round and fired a shot from the position he was in given the fact that he only has two (2) fingers on his right hand." Even so, petitioner has not provided any evidence establishing an individual with petitioner's physical traits could not have fired a weapon in the manner argued by the State. Petitioner's allegation that further investigation by his counsel would have revealed it was physically impossible for him to commit the offense in the manner alleged by the State is conclusory. Petitioner has not shown counsel was deficient in failing to further investigate this line of defense or that petitioner was prejudiced by counsel's failure to further investigate this theory. This claim does not warrant federal habeas corpus relief.

Petitioner next argues trial counsel was ineffective with regard to his pretrial investigation because further investigation by trial counsel could have disproved the State's argument that the bullet which wounded the police officer came from petitioner's gun and could have shown the bullet, instead, came from the officer's own gun. Again, petitioner's claim is speculative. Petitioner has failed to present any evidence indicating such a defense was plausible, much less

likely, or that further investigation would have, rather than could have, established the bullet was from the officer's gun. Petitioner's bald assertion is unsupported by anything in the record. The Court acknowledges the bullet itself has been destroyed, but the fact remains that conclusory claims are not sufficient to demonstrate trial counsel was deficient for failing to further test the bullet. Petitioner has not shown counsel's representation was deficient or that he was prejudiced by any failure of trial counsel to further test the bullet.

Moreover, if counsel had pursued pretrial testing of the bullet, such could have resulted in a finding to petitioner's detriment, *i.e.*, a conclusive finding that the bullet was, in fact, fired from petitioner's gun and not the officer's. If ballistics did establish such, it would have eliminated any possibility of doubt the jurors may have harbored that petitioner's weapon was not the weapon which fired the bullet that injured the officer. Petitioner has not overcome the strong presumption that counsel's representation of petitioner was adequate and that the challenged conduct was the product of reasoned trial strategy. Petitioner is not entitled to federal habeas corpus relief on this claim.

Petitioner next alleges trial counsel was deficient because he did not conduct further investigation which would have found evidence mitigating petitioner's punishment. Petitioner does not identify what mitigating evidence trial counsel could have discovered. To the extent petitioner is alluding to potential mental problems, he has not established he was prejudiced. Again, petitioner's allegation is conclusory and does not establish counsel was deficient or that petitioner was prejudiced by any such deficiency. Petitioner is not entitled to federal habeas corpus relief on this claim.

Petitioner next argues trial counsel was ineffective for failing to conduct further pretrial

which would have established the police fired the first shots, thereby strengthening petitioner's evidence of self-defense as either a defensive theory or to mitigate punishment. Petitioner does not indicate how further investigation would have proven the police fired the first shots.

Self-defense does not generally justify resisting an arrest that the actor knows is being made by a peace officer. Under Texas law at the time of the incident, the use of force against another was not justified "to resist an arrest or search that the actor knows is being made by a peace officer, or by a person acting in a peace officer's presence and at his direction, even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c). Tex. Penal Code Ann. 9.31(b)(2) (1996). Resistance is justified under subsection (c) only:

1. If, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and

2. When and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary.

The jury heard uncontradicted testimony that petitioner fired his weapon without a weapon being fired first by the officers. Petitioner has not demonstrated the officers used or attempted to use greater force than necessary to make the justification of self-defense applicable to the facts of this case. Further, petitioner has not shown that even if he could have shown the officers fired the first shots, that this fact alone would have shown he was justified under Texas law in firing his weapon at the officers. Nor has petitioner shown the jury would have believed such evidence justified mitigation of petitioner's punishment.

Petitioner's defense in this case was primarily the lack of the requisite intent. To argue self-defense as a justification for his actions, petitioner would have had to take the stand and admit his

intentional conduct of firing his weapon at the officers in "self-defense," a position contradictory to his primary defense.

Petitioner has not demonstrated counsel was deficient for failing to further investigate this theory of defense or of punishment mitigation, or that petitioner was prejudiced by counsel's failure to further investigate this issue. Further, by rejecting his claims of ineffective assistance of counsel on state habeas review, the state courts necessarily found counsel's performance was not deficient and/or that petitioner was not prejudiced by counsel's performance. Petitioner has not demonstrated the state courts' decision that petitioner was not denied effective assistance of counsel was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner has not met this threshold standard of review for federal habeas corpus relief, nor has he demonstrated the merits of his ineffective assistance of counsel claims for failure to conduct further investigation would otherwise entitle him to federal habeas corpus relief. Petitioner's claims should be denied.

As noted previously, petitioner's argument that counsel was ineffective for failing to obtain a jury instruction on self-defense has not been sufficiently exhausted and should be dismissed for failure to exhaust. Even so, the Court notes counsel did, in fact, obtain an instruction on self-defense and that the jury was, in fact, instructed on self-defense. Clerk's Record, Vol. 1 at 50-51, 52.

## VI.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the petitions for writs of habeas corpus filed by petitioner RANDY LEE MOORE be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of February 2010.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).